UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRYANT WILSON, <br><br> Plaintiff, <br><br> v. <br><br> REGGIE NEVELS, et al., <br><br> Defendants. | CAUSE NO.: 1:19-CV-432-HAB-SLC |

OPINION AND ORDER

Bryant Wilson, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Wilson describes various conditions of confinement at the Grant County Jail, including unsanitary and overcrowded conditions, verbal abuse, and interference with mail access. However, Wilson cannot proceed on this complaint for two reasons. First, the general rule is that "a litigant must assert his own legal rights and cannot assert the legal rights of a third party." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). While Wilson describes many potentially unlawful conditions at the

Grant County Jail, it is not clear which, if any, of these conditions personally affected him or violated his constitutional rights. Additionally, for constitutional claims under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Wilson names Sheriff Reggie Nevel, Todd Fleece, and Corporal Sugar, but he does not describe how they violated his constitutional rights or how they were personally involved with his claims.

Nevertheless, Wilson may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

As a final matter, Wilson has filed a motion for leave to proceed in forma pauperis, but he did not attach his jail account summary for the last six months as required by 28 U.S.C. § 1915(a)(2). Therefore, this motion is denied. To proceed with this case, Wilson must either immediately pay the filing fee in full or file another motion for leave to proceed in forma pauperis. If he chooses to file another motion for leave to proceed in forma pauperis, he should obtain the court's form motion and file it with his jail account summary for the last six months attached.

For these reasons, the court:

(1) DENIES the motion for leave to proceed in forma pauperis (ECF 2);

(2) GRANTS Bryant Wilson until February 6, 2020, to file an amended complaint and to resolve his filing fee status; and

(3) CAUTIONS Bryant Wilson that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on January 7, 2020.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT